City of Murphysboro v. Woolsey.

## CITY OF MURPHYSBORO

### v.

## HARRY WOOLSEY, BY NEXT FRIEND, ETC.

*Municipal Corporations—Negligence of—Personal Injuries—Fall from Elevated Sidewalk—Infant—Contributory Negligence of Mother of.*

1. A municipality is bound to keep and maintain its sidewalks in a reasonably safe and suitable condition for the use of pedestrians, and a failure to perform this duty is negligence, creating primary liability to respond in damages to one injured by reason of such negligence.

2. This court holds that there is nothing in the contention of defendant in the case presented, that it is not liable because the mother of the infant injured pushed it, whereby it fell from the sidewalk, the evidence not establishing such contention, it appearing that such walk was not protected by a railing or other guard.

3. The suit in question having been brought by a child to recover damages himself for injuries received by him, the negligence or want of care of the parent in charge of him alleged to have contributed to the

accident does not exonerate the defendant, nor bar the plaintiff's right to recover.

4.   Eleven months is ample time for a muncipality to ascertain that one of its sidewalks is unsafe, and to put it in proper condition.

[Opinion filed June 26, 1893.]

APPEAL from the Circuit Court of Jackson County; the Hon. JOSEPH P. ROBERTS, Judge, presiding.

Messrs. R. P. MARTIN, City Attorney, and R. T. LIGHTFOOT, for appellant.

Messrs. A. B. GARRETT and W. A. SCHWARTZ, for appellee.

MR. JUSTICE GREEN. This suit was brought to recover damages for personal injuries to Harry Woolsey, a minor, occasioned by a fall from an elevated sidewalk in the city of Murphysboro. It is averred in the declaration that appellant carelessly and negligently kept and maintained its plank sidewalk in a slanting position for a distance of forty feet and elevated five feet above the surface of the ground, without banisters or railing on either side. That by reason of such unsafe condition of the walk, appellee, while passing along and upon the same, slipped and fell therefrom to the ground, and thereby his right arm was broken and other injuries were sustained by him. The jury found defendant guilty and assessed plaintiff's damages at $300. Judgment was entered on the verdict and defendant appealed. It appears from the evidence that the sidewalk in question was on a public street in the city of Murphysboro, over and along which many persons traveled daily. The walk was built of plank and was about four feet wide. At one end it was elevated five feet above the surface and extended along for forty feet, with a gradual slope to the level of the ground, at the other end. It was supported on trestles, and was without railing or any guard on either side, to prevent persons falling therefrom. It had been maintained in this unsafe condition for at least eleven months next preceding the accident, and the city officials had ample time,

exercising that reasonable diligence the law requires, to discover that it was unsafe for public travel and to put it in safe and suitable condition. The duty of appellant to keep and maintain its sidewalks in reasonably safe and suitable condition for the use of pedestrians, is imposed by law, and a failure to perform this duty is negligence, creating primary liability to respond in damages to one injured by reason of such negligence. The evidence in this record establishes the fact that appellant was guilty of the negligence charged in the declaration.

It further appears that appellee, a child five years old, was, with his mother, walking upon this walk, and when about midway of the forty feet distance, fell therefrom to the ground and received the injuries complained of. Appellant contends, however, that even if the negligence and injury is proven, yet the contributory negligence of appellee's mother, who had him in charge at the time of the accident, occasioned the injury and barred his right to recover. No negligence is imputed to the child, but it is claimed the mother pushed the appellee from the edge of the sidewalk so as to place him in front of her near the center of it, and thus caused appellee to lose his balance and fall off.

If the evidence supported this claim the jury could still fairly find the negligence of the appellant was the proximate cause of appellee's injury. In the case of Village of Carterville v. Cook, 129 Ill. 152, Cook, the appellee, while walking over an elevated sidewalk, unprotected by railing or other safeguard, was accidentally pushed off by another boy and fell to the ground, receiving severe injury. It was claimed by appellant that the proximate cause of the injury was the act of the boy who pushed appellee off, and not the negligence of appellant. Touching this claim it is said in the opinion, if a person while observing due care for his personal safety, be injured by the combined result of an accident and the negligence of a city or village, and the injury would not have been sustained except for such negligence, yet, although the accident be the primary cause of the injury, if it was one which common prudence and sagac-

ity could have foreseen and provided against, the negligent city or village will be liable for the injury. In the case at bar the jury might well have found the injury would not have occurred, if railing or other safeguard had been maintained, even if appellee had been pushed and lost his balance as claimed.

Again, it appears this suit is brought by a child to recover damages himself for injuries received by him, and the negligence or want of care of the parent in charge of him, contributing to the accident, does not exonerate the appellant, nor bar appellee's right to recover. Ryan v. C. W. C. Ry. Co., 31 App. Rep. 622 ; Chicago C. Ry. Co. v. Wilcox 33 App. Rep. 452, and cases there cited. In Village of Carterville v. Cook, *supra*, the court say : " It is not perceived how, upon principle, the intervention of the negligence of a third person over whom neither the plaintiff nor the defendant have any control, can be different in its effect or consequence in such cases, than the intervention of an accident having a like effect. The former, no more than the latter, breaks the casual connection of the city or village with the injury. The injured party can no more anticipate the one than the other."

If this were a suit brought by parents or next of kin, to recover for the death or injury to a child, a different rule would obtain. So far we have discussed this contention of appellant upon the theory that appellee was pushed by his mother, and in consequence lost his balance and fell, but we desire to say further that such fact was not satisfactorily established by the evidence.

Taking all the instructions given as a series, they were more favorable to appellant than the law warranted, and the evidence sustained the verdict. The judgment is affirmed.

*Judgment affirmed.*