## Parlin & Orendorff Co. v. John Finfrouck.

1.  MASTER AND SERVANT—*Duty of the Master.*—The master is not bound to provide machinery or appliances or place of service which are absolutely safe.    The law imposes upon him only the obligation to use reasonable and ordinary care, skill and diligence in furnishing suitable and sufficient machinery, appliances and place of service.

2.  INSTRUCTIONS—*Not to Supplement the Appeals of Counsel.*—It is proper, in a general way, to advse the jury of the considerations to be

Orendorff v. Finfrouck.

regarded in weighing testimony, among which are the interest, bias or feeling of witnesses from whatever cause, but care should be taken not to single out, or specially refer to any particular witness, or set of witnesses, when by so doing the court will merely supplement an appeal of counsel that has passed the limit of fairness.

3. SAME—*Duty of the Trial Court.*—The trial court should not hesitate to take the matter of instructions in its own hands, pruning and rejecting those presented, so far as necessary, to give the jury a plain and concise view of the issues and the legal principles involved without argument and without repetition.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Fulton County; the Hon. JEFFERSON ORR, Judge, presiding. Heard in this court at the November term, 1895. Reversed and remanded. Opinion filed May 16, 1896.

DANIEL ABBOTT and JOHN A. GRAY, attorneys for appellant.

In a case where the evidence is conflicting, each party has a right to have the jury clearly and accurately instructed as to the law of the case. In such a case, the fact the law is accurately stated on one side, will not obviate errors in those given for the other party. I. C. R. R. Co. v. Maffitt, 67 Ill. 431; Davis v. Cobb, 11 Ill. App. 587; Geneva v. Peterson, 21 Ill. App. 454; P., D. & E. Ry. Co. v. Hardwick, 48 Ill. App. 562; Brown v. Monson, 51 Ill. App. 488; Smith v. People, 142 Ill. 117; Halloway v. Johnson, 129 Ill. 369; S. & L. Co. v. Kankakee, 128 Ill. 177; Brownlee v. Alexis, 39 Ill. App. 142; Simpson v. Kincaid, 34 Ill. App. 523; Roby v. Murphy, 27 Ill. App. 395; S. & C. Mill Co. v. Thomas, 27 Ill. App. 137; Boyd v. Yerkes, 25 Ill. App. 528; C. & W. I. R. R. Co. v. White, 26 Ill. App. 586; Fernandes v. McGinnis, 25 Ill. App. 165; Wichert v. Stafford, 25 Ill. App. 218; L. S. & M. S. R. R. Co. v. Elson, 15 Ill. App. 83; P., D. & E. R. R. Co. v. Wagner, 18 Ill. App. 598; Am. Ins. Co. v. Crawford, 89 Ill. 62.

In a case where the evidence is very evenly balanced, it is essential that the instructions be accurate. Craig v. Miller, 133 Ill. 300; Wilbur v. Wilbur, 129 Ill. 392; C., B. & Q. R. R. Co. v. Flint, 22 Ill. App. 502.

In a case, close in its facts, all instructions should state

the law correctly. C., S. F. & C. Ry. Co. v. Bentz, 38 Ill. App. 486; T., St. L. & K. C. R. R. Co. v. Cline, 135 Ill. 48.

Where the evidence is unsatisfactory, the instructions must be accurate. Leman v. Best, 30 Ill. App. 324; Hoopeston v. Eads, 32 Ill. App. 78.

Where the evidence is conflicting, and the case one which appeals strongly to the sympathy of the jury, the instructions must be accurate and clear. C., M. & St. P. Ry. Co. v. Mason, 27 Ill. App. 450.

An instruction which calls particular attention to some particular part of the evidence is erroneous. The People v. Brumback, 24 Ill. App. 501; McEntyre v. Thompson, 14 Ill. App. 554; Dunlap v. Clark, 25 Ill. App. 573; C. & N. W. R. R. Co. v. Snyder, 117 Ill. 376; Sanders v. People, 124 Ill. 218; Phœnix Ins. Co. v. La Pointe, 118 Ill. 384; Dapuis v. C. & N. W. Ry. Co., 115 Ill. 97; Aultman v. Connor, 25 Ill. App. 654; C., M. & St. P. R. R. Co. v. Kreuger, 23 Ill. App. 639; Lohler v. Miller, 21 Ill. App. 557.

Where the evidence is insufficient to warrant a verdict for the plaintiff, the court should so instruct the jury. Spannagle v. C. & A. R. R. Co., 31 Ill. App. 461; Kolb v. Sand. Ent. Co., 36 Ill. App. 422; Edward v. Hushing, 31 Ill. App. 226; Breitenberger v. Schmidt, 38 Ill. App. 169; C. & A. R. R. Co. v. Adler, 129 Ill. 339; Purdy v. Hall, 134 Ill. 299.

A jury are not justified in finding a verdict against the great weight of the evidence. C. & A. R. R. Co. v. Means, 48 Ill. App. 397; Starne Coal Co. v. Ryan, 48 Ill. App. 216; Coats v. Merwin, 48 Ill. App. 466; F. C. N. G. Ry. Co. v. Butler, 48 Ill. App. 301; L. S. F. Co. v. Rakowski, 54 Ill. App. 213.

Where a careful consideration of the evidence convinces the court that it ought not to have been regarded by the jury as sufficient to warrant a verdict for appellee, the verdict will be set aside. Parr v. Hellyer, 52 Ill. App. 286; City of Peoria v. Walker, 47 Ill. App. 183; Com'l Ins. Co. v. Scammon, 123 Ill. 604.

Where the verdict is not sustained by the weight of the evidence, judgment will be reversed. T. H. & I. R. R. Co.

v. Tuterwiler, 16 Ill. App. 197; C. & A. R. R. Co. v. Barber, 15 Ill. App. 630; Jacksonville Gas & C. Co. v. Barber, 16 Ill. App. 206.

Where the verdict is so manifestly contrary to the evidence as to show that it must have been the result of passion, prejudice or sympathy, it is the duty of courts to reverse such judgment. Lake Shore & M. S. Ry. Co. v. Kuhlman, 18 Ill. App. 222.

GRANT & CHIPERFIELD, attorneys for appellee, contended that where it appears from all of the evidence in the case that justice has been done, a new trial will not be granted for a refusal of instruction. Elam v. Badger, 23 Ill. 498; Smith v. Shultz, 1 Scam. 490; Leigh v. Hodges, 3 Scam. 15.

Inaccurate instructions are not always ground for reversal of judgment, where other instructions correctly stating the law are given. Milling v. Hillenbrand, 156 Ill. 310; C. & A. R. R. Co. v. Mathews, 153 Ill. 268.

An error which results in no injury, is not ground for a new trial. Hair v. Barnes, 26 Ill. App. 580; Gray Bros. v. Kittle, 56 Ill. App. 302.

When the court is satisfied that the jury have not been misled by an instruction, the judgment will not be reversed. East St. Louis Ry. Co. v. Allen, 54 Ill. App. 32.

When there is evidence tending to prove a fact, that is enough to warrant an instruction proceeding upon that hypothesis. Missouri F. C. v. Abend, 107 Ill. 44; Eames v. Rend, 105 Ill. 506.

And this without regard to the weight or preponderance of the evidence. Cook Co. v. Harnes, 108 Ill. 151.

An instruction may be regarded as based on evidence, where there is any evidence on which it may rest, however slight, although the preponderance of the evidence is the other way. Millenken v. Marlin, 66 Ill. 13; Chicago v. Scholten, 75 Ill. 468; Chicago W. D. Ry. Co. v. Mills, 105 Ill. 63; Thompson v. Duff, 119 Ill. 226.

When all of the instructions taken together properly present the law of the case, they are sufficient, although one

of them, considered apart, might be regarded as inaccurate. Walker v. Collier, 37 Ill. 362; Northern L. P. Co., v. Binninger, 70 Ill. 571; Hayden v. Henderson, 21 Ill. App. 299; Wiggins F. Co. v. Reddig, 24 Ill. App. 260; Hunter v. Harris, 29 Ill. App. 200.

One instruction of doubtful construction may be cured by others that are correct. Chicago v. McDonough, 112 Ill. 85; Latham v. Roach, 172 Ill. 179; People v. Utica Cement Co., 22 Ill. App. 159; Anderson v. Donaldson, 32 Ill. App. 404; Bell v. The People, 97 Ill. 461.

An instruction may be refused when it is in substance embodied in other instructions given. Brant v. Gallup, 111 Ill. 487; Thompson v. Duff, 119 Ill. 226; C. & E. R. R. Co. v. Holland, 122 Ill. 461; C., M. & St. Paul Ry. Co. v. Krueger, 124 Ill. 457; Daegling v. Ill. Vault Co., 33 Ill. App. 341; McNulta v. Lockridge, 32 Ill. App. 341.

A new trial will not be granted on the ground that the verdict is against the weight of evidence, unless the verdict is necessarily wrong; where there is a conflict in it, it is for the jury to weigh it and decide according to the balance. Green v. Chicago, 97 Ill. 370; Guerdon v. Corbit, 87 Ill. 272; Smith v. McCarthy, 33 Ill. App. 176; Anderson v. Dezonia, 29 Ill. App. 491; Vorhees v. Bovell, 29 Ill. App. 487.

Where the evidence fairly supports the verdict, it will not be disturbed. Keith v. Frick, 47 Ill. 272; Feeley v. Thewlis, 25 Ill. App. 587.

The greater number of witnesses may be on one side and the greater weight on the other. Bishop v. Busse, 69 Ill. 403; C. & R. I. R. R. Co. v. McKean, 40 Ill. 218.

It is not error to refuse a peremptory instruction for the jury to find for the defendant, where there is evidence tending to establish the facts necessary and sufficient to sustain a verdict. N. Syrup Co. v. Carlson, 155 Ill. 210.

The master owes to his servant the duty of furnishing him a reasonably safe place to work, and negligence in the discharge of that duty on the part of the master, because of which the servant is injured when in the discharge of his duties, and he at the time using ordinary care for his own

safety, renders the master liable to respond in damages. N. Syrup Co. v. Carlson, 47 Ill. App. 178; 155 Ill. 215; Mayhen v. Sullivan Mining Co., 76 Me. 100; Chicago Drop Forge Co. v. Van Dorn, 149 Ill. 337; Pullman P. Car Co. v. Laack, 143 Ill. 242.

The question of negligence can not be measured by any fixed rule. Each case must be tested by its own peculiar facts. C. & A. Ry. Co. v. Kelley, 29 Ill. App. 659.

When a defendant submits the question of negligence to the jury, by an instruction, he will be estopped on appeal, or error, from claiming that there was no proof of negligence. Con. Coal Co., St. Louis, v. Haenni, 146 Ill. 614.

The law will imply, and infer notice of any defect which, by the use of ordinary care, might have been known to the master. Con. Coal Co., St. Louis, v. Haenni, 146 Ill. 614.

The assumption by the servant of risks resulting from negligence of his fellow servants, is subject to the implied undertaking of the master, that he will use all reasonable care to furnish safe premises, machinery and appliances. Wood's Law of Master and Servant, Sections 329 and 416; P. C. & St. L. Ry. Co. v. Adams, 105 Ind. 151; Con. Coal Co. v. Haenni, 146 Ill. 623.

One good count sustains a general verdict. Cribben v. Callaghan, 57 Ill. App. 544; 156 Ill. 549.

If the plaintiff alleges two or more acts of negligence as producing the one injury complained of, he is bound to prove but one; he is not bound to prove all; he may recover on proof of one of them. Weber Wagon Co. v. Kehl, 139 Ill. 644.

Mr. Justice WALL DELIVERED THE OPINION OF THE COURT.

This was an action on the case.

The declaration alleged in substance that the plaintiff was employed by the defendant to attend upon a certain blast furnace used for the purpose of melting iron; that plaintiff was unaware of the dangers of such work, and that the defendant negligently failed to provide plaintiff with a reasonably safe place wherein to perform his work, in that the

room where plaintiff necessarily worked, was not properly or sufficiently ventilated, whereby plaintiff, being so ignorant of the dangers, inhaled such a quantity of gas and fumes emitted by the said furnace, that he was overcome and rendered unconscious, and, in consequence, sustained permanent injury.

The plea of not guilty was interposed, and upon a trial by jury, the plaintiff recovered a verdict for $2,500, upon which, after refusing a new trial, the court rendered judgment, from which the defendant has prosecuted an appeal.

It appears that the plaintiff had been at work some five days only, when he received the injury complained of. His duty in part, was to charge the cupola by putting in the proper quantity of coke and iron after the fire had been started and the blast put on. In this he was assisted by another man, who had been there some time before, and who gave him such instruction as he had about the method of doing the work. He had been annoyed some by smoke and vapor emitted when the door was opened to put in or renew a charge, and it had made him cough some, but he was not seriously affected by it until the day in question, when he was overcome and had to be carried from the place. He was unconscious for some minutes and claims to be still suffering from the effects of the gas inhaled on that occasion.

His theory is, that the room had not sufficient means of ventilation, especially when the wind was from the west, and that this caused the suffocation complained of. It seems that he was very seriously affected, and that there is reason to believe his injury is permanent.

There is no doubt that more or less gas escapes when the door is opened while the cupola is in blast, and while it is a source of discomfort, in a greater or less degree, to all who may be in the room, yet it appears no serious consequences had occurred to any one else during the time the works have been in operation, some eight or nine years. On the occasion in question, he was shoveling coke into the cupola, and Roberts, who was working with him, was weighing iron

Orendorff v. Finfrouck.

which was to be put in also, when he called to Roberts to help him. Roberts took his place with the shovel and he sat down by the door.

After Roberts had been so engaged for some fifteen or twenty minutes, plaintiff said in effect that he could not stand it, and just then another employe came, and observing that plaintiff was sick, they took him away. It would seem, from the statement of Roberts, that there was considerable smoke in the room, but that he suffered no serious inconvenience from taking plaintiff's place, though after he had so assisted in taking the plaintiff away, he did not go back, another employe being sent to finish the charge. No doubt it was a very hot place, and that there was a good deal of smoke and gas, but, according to the defendant's theory, the plaintiff's injury was due to the fact that his lungs were over-sensitive from an attack of grippe or pneumonia only a few months before, and that he was not therefore fit to work in such a place, though it was not dangerous or very uncomfortable to a man of sound lungs.

It was also shown by the testimony of Roberts and another witness that plaintiff was a very quick and rapid worker, from which the inference is drawn, by defendant, that this may to some extent account for what occurred.

Some six witnesses, including Roberts, were called by plaintiff to give their experience and observation as to the amount of gas and smoke thrown out when the cupola was being charged, and while they all say it was quite considerable, yet their testimony creates the impression that it was no more than an ordinary man could endure without risk.

More than twice that number, called by the defendant, gave their experience to the effect, that though frequently about, and some of them doing the work plaintiff had done, they were not unpleasantly affected, though they would notice some smoke and gas at times.

The proof offered by defendant was that the cupola and the room, including the means of ventilation, were constructed in the same manner in all respects as in other works of that general character, and that those who were familiar

with such furnaces saw no reason to condemn this in any particular.

The case is, in substance, that the defendant's blast furnace was properly constructed and equipped, judging by the methods of construction and equipment generally in vogue; that during the time it had been in operation, some nine years, no trouble had been experienced of the nature here involved; that there had been no serious inconvenience suffered by those previously employed in the capacity named; that even on the occasion when the plaintiff suffered as he alleges, the man who came to his relief, and finished in part what he began, was not much affected, and thinks he could have tolerated the smoke and gas without risk. In what respect has negligence been established as against the defendant? We are unable to see how the finding can be sustained, in view of the whole proof. There is really no particular conflict in the evidence, but it is rather a question as to what is the fair and just conclusion to be drawn from it.

The work plaintiff undertook was hard and disagreeable, especially while the cupola was in blast and charges were being made and renewed, a period of some two hours each day, but the unpleasant features of it were apparent. It is not shown that the defendant knew or had reason to suppose that the plaintiff was not sufficiently strong to endure it without risk, nor perhaps was the plaintiff so aware or mindful that he was unusually sensitive to the influence of gas and smoke as probably he was.

Yet there was no mystery about the work—no hidden danger that the employers should have called to the attention of the employe. Any one could see what was there. When the plaintiff undertook the service he assumed the ordinary peril and hazard apparently incident thereto; the evidence fails to show that he suffered from any other, or that in any substantial degree the defendant neglected its duty in that behalf.

With reference to the matter of instructions, it is proper to say that too many were given on each side. The entire series covers some ten or more pages of the abstract. There

is much repetition, and much that is unnecessary and somewhat argumentative, as well as some want of clearness.

In the eleventh for plaintiff there is an unfair suggestion that the testimony of the employes of defendant may have been warped and perverted because of such relationship. There is nothing in the proof that would seem to warrant the suggestion.

In their zeal counsel should not go to undue lengths, as is too often done in denouncing witnesses testifying for the other side, and when that course is resorted to, the court should not further it or approve it by instructions.

It is proper in a general way to advise the jury of the considerations to be regarded in weighing testimony, among which are the interest or bias or feeling of witnesses from whatever cause, but care should be taken not to single out or especially refer to any particular witness or set of witnesses, when by so doing the court will merely supplement an appeal of counsel that has passed the limit of fairness. Phœnix Ins. Co. v. LaPointe, 118 Ill. 384.

The court should not hesitate to take the matter of instructions in its own hands, pruning and rejecting those presented, so far as necessary to give the jury a plain and concise view of the issues and the legal principles involved without argument and without repetition.

We are of opinion that the motion for new trial should have been granted. The judgment will be reversed and the cause remanded.