# Adolph Arnold, Herman Arnold, Theodore Arnold and Benjamin F. Baker v. Louis Pucher.

1. INSTRUCTIONS—*As to the Weight of the Evidence.*—An instruction upon the weight of the evidence which singles out a particular witness and applies to him a rule, which should have been made to apply, if at all, to others, who were witnesses in the case as well, is properly refused.

**Assumpsit.**—Common counts. Trial in the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the October term, 1898. Affirmed. Opinion filed May 22, 1899.

ESCHENBURG & WHITFIELD and SAMSON. & WILCOX, attorneys for appellants.

HENRY M. COBURN, attorney for appellee.

**Statement of the Case.**—Appellee sued appellants and two others, Howe and Bodenschatz, as copartners in a banking business. The copartnership was formed in 1893. In 1895 it was dissolved by the withdrawal from the firm of appellants, Howe and Bodenschatz continuing the business. Appellee became a depositor in the bank of the copartnership in 1895. Prior to the withdrawal of appellants from the firm he had deposited $300. After the change in the firm he deposited $200 more. The facts as to the change in the copartnership and the manner in which the business was continued appear here substantially as they appeared in Arnold v. Hart, reported in 75 Ill. App. 165, and they are more fully set forth in the report of that case. Appellee claimed to have had no notice or knowledge of the change in the firm, and to have continued his deposits upon the faith of the credit and joint liability of the original firm. Trial was had with a jury, which resulted in verdict for appellee. From judgment upon that verdict this appeal is prosecuted.

MR. JUSTICE SEARS delivered the opinion of the court.
Questions arising on this appeal are, for the most part,

settled by the decision in Arnold v. Hart, 75 Ill. App. 165, affirmed in 176 Ill. 442.

It is, however, urged that, conceding the propriety of the verdict and judgment as to the amount of the deposits made before the change in the copartnership, yet as to the $200 deposited thereafter, the verdict was improper, because it appeared that appellee had no acquaintance with or knowledge of Baker, one of the old firm, at any time during the making of the different deposits. Hence, it is argued, he could not have continued his relationship as a depositor with the new firm upon the faith of any connection of Baker with it, of whom he knew nothing. We think the contention untenable. The liability of all the members of the old firm for the deposits made before the change in the firm is unquestioned, and it is irrespective of whether appellee, who dealt with the firm, knew the individuals comprising it or not. He dealt with the firm as an entirety, and presumably upon the credit which attached to it as an entirety, including all its members. This liability simply continued, unaffected by any change in the firm, because appellee is not chargeable with notice or knowledge of such change. Baker was an ostensible, not a secret or dormant partner. His name appeared in the firm name.

We view the evidence as sufficiently supporting the allegations that appellee had no notice or knowledge of the change in the copartnership, and that he continued his business with the continuing partners in reliance upon the belief that his money was deposited with all of the original firm. The statement in the affidavit for a continuance that Bodenschatz would testify that "the change in the proprietorship of the bank became generally known in the vicinity of the bank within a week thereafter," was properly excluded, as being a conclusion of the witness.

The remaining question is as to the ruling of the court in refusing the following instruction:

"The jury are instructed that, in weighing the plaintiff's evidence, you should take into consideration his interest in this suit, and what effect, if any, such interest is likely to have upon his testimony, and give his testimony such

weight and credit as you think, under all the circumstances, it is entitled to."

We are of opinion that this instruction was properly refused. It is bad, because it singles out a particular witness and applies to him a rule which should have been made to apply, if at all, to others as well, viz., the defendants who were witnesses in the case. Phœnix Ins. Co. v. LaPoint, 118 Ill. 384; Penn. Co. v. Versten; 140 Ill. 637; Parlin et al. v. Finfrouck, 65 Ill. App. 174.

It is true that instructions somewhat similar to the one here in question have been approved in W. C. St. Ry. Co. v. Estep, 162 Ill. 130, and W. C. St. Ry. Co. v. Dougherty, 170 Ill. 379.

But in neither the Estep case, nor the later Dougherty case, does the Supreme Court expressly overrule the doctrine as to the vice of singling out a particular witness in an instruction, announced in the Versten case and others cited *supra*. As applied to the evidence in the Dougherty case and in the Estep case, the instruction may have been proper, for each being a suit against a corporation, it may well have been that no one other than the plaintiff was a witness who could have been said to have been an interested witness. No objection to the instruction, because it singled out a particular witness, seems to have been raised or considered in either of those cases. But in the case under consideration there were defendants who testified, as well as the plaintiff, and the same statute operated to remove their disability as witnesses, and made their interest a matter for the consideration of the jury. The instruction should have applied the rule to the defendants as well as to the plaintiff, and it being vicious in that it applied it to the plaintiff only, thereby improperly singling him out to the jury, the trial court was justified in refusing to give it.

The judgment is affirmed.