# North Chicago St. R. R. Co. v. Frank G. Dudgeon.

1. CORPORATIONS—*Can Not Avoid Liability by Letting a Contract for Construction.*—A corporation can not avoid liability for its acts under its corporate franchises by simply letting a contract to a construction company, and where the person who causes the injury is a contractor he will be regarded as the servant or agent of the corporation for whom he is doing the work. if he is exercising some chartered privilege or power of such corporation with its assent which he could not have exercised independently of the charter.

2. SAME—*Must Take the Responsibility of Seeing that No Wrong is Done Through Its Chartered Powers.*—A company seeking and accepting a special charter must take the responsibility of seeing that no wrong is done through its chartered powers by persons to whom it has permitted their exercise.

3. NEGLIGENCE—*Efficient and Concurring Causes.*—Where the negligence charged was the cause, and an efficient cause, of the injury, and if some other act, as the starting of a car before the plaintiff had sufficient time to get aboard, was also a concurring cause, such concurring cause does not operate to free the company from liability for negligence.

4. SAME—*Efficient and Concurring Causes Distinguished.*—Where the act of a gripman, in improperly starting a car before the plaintiff had got aboard, is a concurring cause in producing an injury, yet the negligence of the company in having piles of stones placed dangerously near its track is also a cause, and an efficient cause, of the injury, the company will be liable.

5. INSTRUCTIONS—*Singling Out a Particular Witness.*—An instruction which tells the jury that " while the law permits the plaintiff in the case to testify in his own behalf, nevertheless they have the right, in weighing his evidence, to determine how much credence is to be given to it, and to take into consideration that he is the plaintiff and interested in the result of the suit," is obnoxious, as singling out a particular witness.

6. DAMAGES—*$12,000 Not Excessive.*—Where the conductor of a street car was injured, and as a result of his injuries was permanently crippled and rendered almost helpless, and unable to dress unaided or feed himself, with a stiffening and immobility of one arm, and a false joint, from a compound fracture, which had never united, leaving him only a slight use or motion of the arm, less than one-tenth of the normal, *it was held* that $12,000 as damages are not unreasonable.

Action in Case, for personal injuries. Trial in the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the October term, 1898. Affirmed. Opinion filed June 29, 1899.

**Statement.**—This cause was begun by appellee to recover damages for personal injuries, alleged to have resulted from negligence of appellant. The fourth count of the declaration sets up the following facts : That the defendant, at the time of the accident, was engaged in the repairing and relaying of certain rails, tracks and road-bed by it used, and was using in such repairing and relaying large quantities of stones, granite blocks, etc., and had placed the same along the streets, near the tracks upon which it operated its cars; that the plaintiff was in the employ of the defendant as a conductor upon its cars, and that the defendant at the time of the accident carelessly and negligently placed large piles of stones, granite blocks, etc., in the street, at, near and alongside the west railroad track of the defendant, and failed to guard and protect the same, and failed to place any light or warning signal near it; and that the plaintiff after sunset on the day of the accident, while acting as conductor and while with due care attempting to board a certain car of the defendant standing at the place where the accident occurred, was thrown by a sudden jerking or starting of the car against the pile of stones and other material, and was thereby forced against and underneath the car, whereby, etc.

The third count is in substance the same.

The evidence shows that appellee, who was then a conductor of one of the cars of appellant, and together with another conductor and a gripman, was going north on North Clark street, in the city of Chicago, on the east track of the defendant, was met at Ogden Front by a crew of appellant's employes in charge of a train which they had brought out for the crew on the north-bound train to take charge of and run down town. This was done because the train of which the plaintiff was one of the conductors was behind time, and to regain the time lost they were transferred to the other train without completing their trip. At the point where the transfer was made, O'Day and Farwell, contractors, were repairing the tracks of the defendant, and in the conduct of their work had piled stones west of and near the

tracks in the street. While the transfer was being made, and before appellee had succeeded in getting aboard of his car, the train started up. By reason of the starting of the train, and by reason of the pile of stones adjacent to the track, the appellee was thrown upon the pile of stones and from them rolled under the train and was very seriously injured.

The work of repairing the tracks was done by O'Day and Farwell under some kind of oral contract with appellant. The cause has been tried twice. Upon the first trial the jury rendered a verdict in favor of the plaintiff and assessed his damages at $10,000, and judgment having been entered on the verdict, appellant prosecuted its appeal to this court, where the judgment of the trial court was reversed. N. C. St. R. R. Co. v. Dudgeon, 69 Ill. App. 57.

Upon the second trial a verdict for the appellee was again returned and his damages were assessed at $12,000, and judgment having been entered upon this verdict, the appellant brings the record to this court upon appeal.

EGBERT JAMIESON and JOHN A. ROSE, attorneys for appellant.

E. S. CUMMINGS, attorney for appellee.

MR. PRESIDING JUSTICE SEARS delivered the opinion of the court.

The right of appellee to recover upon the facts disclosed would seem to be limited to the ground of action set up by the third or fourth counts of the declaration; for the relation of fellow-servant existing between appellee and the gripman and other conductor of the train would preclude a recovery upon the other counts. The gist of each of the third and fourth counts is negligence in placing piles of stones along the side of the track upon which appellee was required by his service to change from one to another of the trains of appellant.

We have to determine whether the evidence sufficiently

sustains the verdict of the jury to the effect that appellant was guilty of such negligence, and that such negligence operated as an efficient cause of the injury to appellee.

It is strenuously urged by counsel for appellant that the negligence in placing the piles of stones near the track in question is to be attributed solely to O'Day and Farwell, who had the work of track repairing in charge, and not to appellant, and this upon the theory that the former were independent contractors.

We regard the decision of the Supreme Court in Chicago Economic F. G. Co. v. Myers, 168 Ill. 139, as in point and controlling. In that case the defendant corporation had let the work of laying gas pipes to a construction company. It sought, in defense of the suit, to avail of the doctrine of non-liability of the owner when the work is in exclusive control of an independent contractor. The court, in disposing of the cause, said:

" The appellant was a corporation authorized by its charter to deal in gas. The proof shows that the permit to do all the work connected with the laying of the gas pipes was issued by the Department of Public Works of Chicago to the appellant company, and not to the construction company. The appellant was thus engaged in the work of laying pipes to transmit gas through the public streets of the city under a charter of the State of Illinois, and under a permit from the city of Chicago. It can not, therefore, avoid liability for acts under its corporate franchises by simply letting a contract to a construction company. Even though the person who causes the injury is a contractor, he will be regarded as the servant or agent of the corporation for whom he is doing the work, if he is exercising some chartered privilege or power of such corporation, with its assent, which he could not have exercised independently of the charter of such corporation. ' In other words, a company seeking and accepting a special charter must take the responsibility of seeing that no wrong is done through its chartered powers by persons to whom it has permitted their exercise.' West v. St. Louis, Vandalia and Terre Haute Railroad Company, 63 Ill. 545; Balsley v. St. Louis, Alton and Terre Haute Railroad Co., 119 Id. 68; Toledo and St. Louis Railroad Co. v. Conroy, 39 Ill. App. 351."

The facts of the case here bring it within the application

of this decision and cases therein cited. It appears from the evidence that appellant was effecting, through O'Day and Farwell, the repair of its track upon a public street of the city of Chicago, and under the power conferred by its charter and the license of the city. If, as between themselves, O'Day and Farwell are not to be regarded as servants or agents of appellant, yet in relation to the public they must be so regarded when they are exercising some privilege or power of the appellant corporation, with its assent, which they could not have exercised independently of such charter and license.

The same doctrine is announced, as applied to work done under a license from a city, in Darmstaetter v. Moynahan, 27 Mich. 188, wherein the court said:

"The work was to be done for plaintiff in error, and under the protection of a license given by the city to him as a personal privilege, and it can not be presumed to have been understood that this license should be used as Kehl might choose, though contrary to its spirit or beyond its import. The license was obtained by the plaintiff in error as his own shield in carrying on a piece of work by and for himself, and the work was done under it by himself by means of Kehl, who was his instrument. If Kehl had been prosecuted for creating a public nuisance, he could not have 'justified in his own right,' but would have been compelled 'to justify as agent' of the plaintiff in error under his contract. I am therefore of the opinion that the relations between Kehl and the plaintiff in error were such in respect to the creation of the mischievous obstruction as to implicate the latter in responsibility for injuries to third parties not in fault. See Sadler v. Henlock, 4 El. & B. 57."

And in Woodman v. Metropolitan R. R. Co., 149 Mass. 335, the rule is applied to work done in laying tracks under a permit issued to the corporation.

We are of opinion that the evidence amply establishes negligence in placing the piles of stones dangerously near the track, and that appellant is chargeable with that negligence.

It is also urged by counsel for appellant that even if there was negligence in this behalf which can be imputed to appellant, yet the evidence fails to establish that such neg-

ligence was a proximate cause of the injury to appellee. Whether the presence of the piles of stones is shown to have been the cause first operating, and the only cause of the injury, is a matter of no controlling importance; for that it was at any rate a concurring and efficient cause is, we think, fully established.   Appellee testified:

" I left the north-bound train and took the south-bound, and as I was getting off, I got off of the north-bound and went round the front of the grip of the south-bound car up to my car, and there were stones all over there; I was operating the trail car of the south-bound train at that time; I was to take that car, but the stones were piled all along so high that I could not step over, so I went to the rear to get on; but the stones were high there, and I could not get on without going way back and walking round, so that when I did not want to lose too much time here, I walked to the front end to see if I could find a place where I could step over; I was at the front end, and there was a place where they were not quite so high, and I stepped over, and had the register under my arm, and was getting on with my right hand; had hold of the handle and the stones; the rail was about a foot and a half at that place; some places they were closer, some places further; some places piled up to the curb, and just as I stepped the car started and I fell forward, slanting, and struck on my head and shoulder, and the stones forced me back under the footboard, and the footboard rolled me over till the car got clear over me."

It is apparent, and from evidence not contradicted, that had it not been for the presence of the piles of stone this injury would not have resulted.   In other words, the negligence charged was a cause, and an efficient cause, of the injury, and if the starting of the car before appellee had sufficient time to get aboard was also a concurring cause, it does not operate to free appellant from liability for negligence in the placing of the piles of stone.   U. Ry. & Transit Co. v. Schacklet, 119 Ill. 232; Village v. Cook, 129 Ill. 152; C. I. M. Co. v. Keifer, 134 Ill. 481; St. Louis B. Co. v. Miller, 138 Ill. 465; Pullman P. C. Co. v. Laack, 143 Ill. 242; City v. Shufeldt, 144 Ill. 403; City v. Woolsey, 47 Ill. App. 447.

In the Miller case, *supra*, the facts are that the plaintiff was crossing a bridge of the defendant which lacked proper

railings between the footpath and the carriage way. A drove of mules was driven over the carriage way, and by reason of the lack of a proper railing some of the mules got into the footpath and injured the plaintiff.

The court said:

" There is a sense in which it may be said that the injury was caused by the persons in charge of the mules, since if they had not undertaken to drive said mules over the bridge the injury would manifestly not have happened. But this is not inconsistent with the further fact that the injury was also caused by the negligence of the defendant in not providing proper railings or barriers and it is only in the sense here indicated that the instruction in order to be applicable to the facts as proved, could have referred to the injury as being caused by the persons in charge of the mules. In legal contemplation, the case is one where the injury was inflicted by the co-operating negligence of the bridge company and the persons in charge of the mules, and the rule is well settled ' that a person contributing to a tort, whether his fellow-contributors are men, natural or other forces, or things, is responsible for the whole, the same as though he had done all without help.' Village of Centerville v. Cook, 129 Ill. 152; Bishop's Non-Contract Law, Sec. 518. The proposition of the instruction, then, that the plaintiff could not recover if she was injured by third persons not under control of the defendant, when applied to the evidence before the jury, was clearly misleading and erroneous."

In Gonzales v. City, 84 Tex. 3, the facts were that lumber was negligently piled in a public street of the defendant city. A drayman in passing struck the pile of lumber and caused it to fall, injuring the plaintiff. The court, in applying the doctrine above announced, said:

" It is true if the drayman had not run his load against the lumber the accident would not have occurred, and, on the other hand, if the lumber had not been in the street it would not have occurred. Dispense with either of these facts and there would have been no injury. * * * If the presence of the lumber pile in the street was chargeable to the negligence of the city, and such negligence, together with the act of the drayman, caused the injury, it would be in part the proximate cause. * * * By proximate cause we do not mean the last act of cause, or nearest act to the injury, but such act wanting in ordinary care as

North Chicago St. R. R. Co. v. Dudgeon.

actively aided in producing the injury as a direct and existing cause."

In the case here, although the fault of the other conductor or the gripman, in improperly starting the train before appellee had got aboard, was a concurring cause in producing the injury, yet the negligence of appellant in having the piles of stones placed dangerously near the track was also a cause, and an efficient cause, of that injury.

It is also urged by counsel for appellant that the hazard resulting from the condition of the track was assumed by appellee. It appears from the evidence that appellee had repeatedly passed over this track on the trains upon which he was acting as conductor. But it does not appear that he had ever had any previous occasion to stop at this point or to get off or on cars there. While it might be argued from the evidence that appellee must have seen this temporary condition and known of it before the time of the injury, yet it could not therefrom be reasonably inferred that he should or could have anticipated any danger to himself from such condition. There was no danger to him while simply passing over the track upon his car. . He can not be held obliged to anticipate this order to transfer train crews at this point, and the possible danger therefrom arising because of the piles of stones there. To have known the condition, without knowing the dangers therefrom arising, will not operate to make it of necessity an assumed risk. C. & N. W. R. R. Co. v. Swett, 45 Ill. 197; Consolidated C. Co. v. Haenni, 146 Ill. 614; Ill. Steel Co. v. Schymanowski, 162 Ill. 447.

Nor could the danger arising from the condition of the track, by which the injury was caused, be said to have been one of the usual dangers or risks incident to appellee's employment. The jury were amply instructed at the instance of appellant upon the law as to assumed hazards, and they found, as we think properly, that this was not a risk assumed by appellee.

The court refused to give the following instruction tendered by appellant:

"The jury are instructed that while the law permits the plaintiff in the case to testify in his own behalf, nevertheless the jury have the right, in weighing his evidence, to determine how much credence is to be given to it, and to take into consideration that he is the plaintiff and interested in the result of the suit."

Whether the giving or refusing of a like instruction is error seems to depend upon the facts of any given case. If there be witnesses on behalf of each litigant, who can be said to be parties in interest, then the instruction is obnoxious as singling out a particular witness; and has been so held in Phœnix Ins. Co. v. La Point, 118 Ill. 384; Penn Co. v. Versten, 140 Ill. 637; Parlin v. Finfrouch, 65 Ill. App. 174; Arnold v. Pucher, 83 Ill. App. 182.

When, however, there is no witness for the defendant who can be said to be interested in the result of the suit, the singling out of the single witness who comes under the application of the rule can not be held as objectionable.

A similar instruction has been approved in W. C. St. Ry. Co. v. Estep, 162 Ill. 130, and in W. C. St. Ry. Co. v. Dougherty, 170 Ill. 379, in neither of which cases was the vice of singling out considered in relation to the instruction and the facts of the respective cases.

In this case there were but two witnesses for the appellant, neither of whom could by any construction be considered a witness interested in the result of the suit.     Hence the instruction should have been given.     But we regard the refusal as error without prejudice.     There was no substantial conflict between the testimony given by appellee and that of any other witness upon any matter material to the issues.     There was but little conflict of evidence in the case, and practically none upon matters controlling.

No objection to other rulings upon instructions is argued.

The objection that the permit to appellant to repair the tracks, issued by the city, was not formally admitted in evidence, we regard as not tenable.     It was admitted by counsel at the trial that appellant applied for the permit, and that it was issued upon such application.     It was also admitted that appellant was chartered by the State to

operate a street railroad along the street in question.   The trial court evidently treated the permit as having been offered and admitted in evidence.   The only remaining question is as to the extent of the damages.   It is objected that the verdict is for an excessive amount.   To this we can not assent.

Without discussing the evidence at length, it is enough to say that it discloses that appellee is, as a result of his injuries, permanently crippled and rendered almost helpless.   He can not, unaided, dress or feed himself.   Appellant offered no evidence as to the extent of the injuries. The physician who testified on behalf of appellee stated that there was stiffening and immobility of one arm, and a false joint, from compound fracture, which never had united, upon the other, and that the conditions are permanent.   From these conditions the physician testified that appellee has only a limited and slight use or motion of the arm, less than one-tenth of the normal.   From this testimony, the statement of appellee, in his testimony, that since the injury he can not do anything and is helpless to even care for himself in matters of dressing and feeding, is clearly established.   We think the damages awarded are not unreasonable.

The judgment is affirmed.