## Adolph Arnold et al. v. Albert Pfaff.

1. Trials—*Improper Conduct of Counsel.*—Questions by counsel for the plaintiff upon cross-examination of a defendant, apparently for the purpose of showing that some of the defendants were wealthy, are clearly improper; but where there is no reason to believe that the verdict was in any way influenced by such questions they are not reversible error.

Assumpsit, for money on deposit. Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1900. Affirmed. Opinion filed April 16, 1901.

ESCHENBURG & WHITFIELD and SAMSON & WILCOX, attorneys for appellants.

H. M. COBURN, attorney for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

Appellee sued appellants together with Arthur J. Howe and Gustave A. Bodenschatz, who in 1893 became copartners in a banking business under the firm name of Arnold Bros., Baker & Company, to recover money deposited in said bank. The firm dissolved November 4, 1895, appellee being then a depositor, and appellants sold out their interest in the business to said Howe and Bodenschatz. The latter continued the business until August 24, 1896, when they made an assignment for the benefit of creditors. At the time of the dissolution of the original partnership, appellee had on deposit with said firm the sum of $500, upon which some interest was then due him in addition to the principal sum. He subsequently deposited $400 more. He obtained a verdict for the full amount with interest against all the defendants, and judgment followed, from which this appeal comes.

It is urged that the Circuit Court erred, first, in overruling a motion by appellants to strike the cause from the regular trial calendar. The ground of the motion, as appears from affidavits preserved in a bill of exceptions, was that the case had been placed on a short cause calendar, and the trial begun; but having continued an hour, the appellants moved to strike the cause from the short cause calendar, which was done. It is now urged that the cause had never been replaced on the regular trial calendar in the manner required by the statute, viz., " upon notice to the defendant, his agent or attorney." (R. S., Chap. 110, Sec. 99.) It appears, however, from another affidavit, that the cause was thereafter called for trial on the regular trial calendar, in June, 1899, when appellants' attorneys moved to strike it from such

calendar, which motion was disposed of by the courts con-tinuing the cause over vacation, at the same time stating to appellants' attorneys that it would be placed on the regular trial calendar for the September term following, which was done, and the cause tried in due course when reached thereon.    The statute was thus complied with, when the case was placed, by order of the court, upon the September calendar, with notice to defendants' attorneys.    Appellants were present with their counsel at the trial and presented their defense.

It is next urged that the trial court ruled out evi-dence sought to be introduced to show that the dissolu-tion of the original firm in November, 1895, became a matter of common notoriety.    The question to which the objection was sustained, was, we think, objectionable in calling only for the conclusion of the witness on that point. It was rightly ruled out.    The same evidence was, however, subsequently introduced in the testimony of one of appel-lants, as appears from the abstract.    There were certain questions put upon cross-examination, apparently to show that some of the appellants were wealthy, objections to which were overruled.    We should not hesitate to reverse for such cause, if it appeared in any way that appellants had been prejudiced by such cross-examination.    It was, we think, clearly improper, whether on direct or cross-examination, and had no bearing on the main issue.    That issue was whether appellee had any notice or knowledge of the change in the copartnership, and whether he continued his business with the remaining partners in the belief that his money was on deposit with the original firm.    Upon this issue there was sufficient testimony to justify the ver-dict, and we find no reason to believe that it was in any way influenced by the folly of appellee's counsel in drag-ging in these immaterial matters, and thus endangering their client's judgment.    Upon careful consideration we have concluded that in the present case it is not reversible error. The questions of liability arising on this appeal have been substantially settled in the cases Arnold v. Hart, 176 Ill. 442, and Arnold v. Pucher, 83 Ill. App. 182.

It is urged, lastly, that the verdict is too large, and that there was a mistake made in computing interest. A witness for appellee testified to the computation of interest, and stated the basis upon which such computation had been made. No testimony was introduced, so far as the abstract shows, to contradict or impugn that computation or its method. It may or may not be correct. The jury found that it was, upon undisputed testimony. There is, we think, sufficient evidence of unreasonable and vexatious delay in payment to justify inclusion of interest in the judgment, and it must be affirmed.