JOHN LUDWIG *et al.*

*v.*

LAURA S. SAGER.

| 84  | 99 |
|-----|-----|
| 186 | ³250 |

1. INSTRUCTIONS—*in cases sounding exclusively in damages.* Care should always be observed, in cases sounding exclusively in damages, that no instruction is given that would induce action not warranted by the law and the evidence, or that would produce a conclusion not in the interest of justice.

2. SAME—*should not be argumentative.* Instructions should not be in the form of arguments addressed to the jury, but concise propositions of law, applicable to the facts of the case, as developed by the evidence.

3. It is improper to instruct the jury that the court will not interfere with their discretion in the matter of finding exemplary damages, that being a matter with which the jury have nothing to do.

4. SAME—*questions of fact are for the jury, and should not be stated as propositions of law in instructions.* In a suit by a wife for injury to her means of support, on account of the sale of intoxicating liquors to her husband, it is improper to instruct the jury "that the selling of intoxicating liquors to a person far gone in habits of intoxication, and who has become diseased, bodily and mentally, would be more aggravating than selling to one not so badly addicted to intemperance," that being a question for the consideration of the jury, and not a matter which the court can define as a proposition of law.

WRIT OF ERROR to the Circuit Court of Carroll county; the Hon. WILLIAM W. HEATON, Judge, presiding.

Messrs. BARGE & DIXON, for the plaintiffs in error.

Messrs. ARMOUR & SHAW, and Mr. J. Q. WING, for the defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

What injury plaintiff may have sustained to her means of support, by reason of defendants selling or giving intoxicating liquors to her husband, was for the jury to find, under the evidence submitted. While that is the general rule, courts always retain, to a greater or less extent, a supervision over verdicts, to the end no injustice may be done. Otherwise,

verdicts, the result of passion or prejudice, or total misapprehension of the evidence, might work incalculable hardships. Jurors are usually taken from the body of the county, are men of no great experience in legal matters, and although with an honest purpose to do justice, they may often be misled by impassioned appeals to their prejudices and sympathies. More frequently still, a wrong impression is made upon their minds by improper instructions. Care should always be observed, in cases sounding exclusively in damages, that no instruction is given that would induce action not warranted by the law and the evidence, or that would produce a conclusion not in the interest of justice.

With the merits of this litigation we will not concern ourselves at this time. No importance can be attached to the verdict on account of the erroneous character of the instructions given. Some of the charges given on behalf of plaintiff contain bad law, and all of them are subject to the just censure, they are argumentative in style and highly calculated to mislead minds not accustomed to investigate legal subjects. It is not practicable for us to enter upon an examination of all the legal principles contained in the numerous propositions submitted. That would impose upon us a vast labor that could be of no possible utility. All the objections may be grouped together, and the whole series condemned, because they are arguments addressed to the consideration of the jury, rather than concise propositions of law applicable to the facts of the case as developed on the evidence. Many of the instructions, and perhaps all of them, contain correct principles of law, but they are so confused, by the manner of statement, with erroneous propositions, they could give the jury no just idea of the law applicable to the case they were considering. Some of them consist largely of the reasoning to be found in the opinions of courts, and, as arguments in the particular cases, were all proper enough, but are not proper to be addressed to a jury in other, and perhaps essentially different, cases.

No more mischievous instruction could well be conceived, than to charge the jury, as was done in this case, the court will not interfere with their discretion in the matter of the amount of exemplary damages they might find under the instructions of the court and from the evidence, unless, from all the circumstances surrounding the case, the amount found should be so excessive as to strike the court, at first blush, as unjust and inequitable. As a proposition of law it is not entirely correct; but if it were, it was highly improper to state it to the jury. Whether the court will interfere with the verdict in any case, is a question with which the jury has nothing to do.

Another instruction, besides being obnoxious to the general objection indicated, assumes, as a matter of law, the selling of intoxicating liquors to a person "far gone in habits of intoxication, and who had become diseased bodily and mentally, would be more aggravating than selling to one not so badly addicted to intemperance, or who had more vigor of body or mind." Whether that is so, is a metaphysical question we will not discuss. On some minds it would make one impression, and on others it might make a very different impression. If it had any relation to the case it was for the consideration of the jury, and it is not a matter which the court can define as a proposition of law.

Without further discussion we may say, the manner and style of the whole series of instructions given for plaintiff, are condemned by the former decisions of this court. *Chicago, Burlington and Quincy Railroad Co.* v. *Payne,* 49 Ill. 504; *Chapman* v. *Cawrey,* 50 id. 512; *Adams* v. *Smith,* 58 id. 419; *Thompson* v. *Force,* 65 id. 370; *Chicago, Burlington and Quincy Railroad Co.* v. *Griffin,* 68 id. 506.

No material error is discovered in the modifications made to defendants' instructions. Taken together, they state the law quite favorable for defendants' theory of the case. Other instructions, as the case was tried, were unnecessary, and the court properly refused them.

For the errors indicated the judgment will be reversed, and the cause remanded.                    *Judgment reversed.*