# THE PHENIX INSURANCE COMPANY

*v.*

# JOHN B. LA POINTE.

*Filed at Ottawa October 5, 1886.*

1. EVIDENCE—*res gestæ—report of insurance agent concerning matters affecting the risk—in suit on the policy.* An insurance company required its agents taking applications for insurance, to report all matters affecting the risk, upon which it is required to act. After a policy had been issued, an agent—not the one taking the application—reported that the property was unincumbered, which report must have been based upon information received from some other source than the assured. This report was offered in evidence, in a suit to recover on the policy, as a part of the *res gestæ*, to prove that the assured had represented the property as unincumbered, when in fact there was an incumbrance upon it: *Held*, that it was not of the *res gestæ*, and was properly excluded.

2. SAME—*insurance—of evidence to rebut the theory of negligence on the part of the assured to save property.* In an action on a policy of insurance for a loss by fire, if a point in the defence is made that the property, or some part thereof, was lost by the neglect of the assured to use his best endeavors to save the same, which is made a bar to a recovery, evidence to rebut this theory, as, that other property of the assured was destroyed, is proper; but if not material for such purpose, its admission, when no recovery is sought for such other property, can work no injury, and is no ground for a reversal.

3. WITNESS—*credibility—interest of witness to be considered.* It is always competent to show the interest of a witness, as affecting his credibility; and such interest in the result of the litigation is a proper element for the consideration of the jury.

4. INSTRUCTION—*singling out witness by name, on question of interest.* In an action to recover a loss under a policy of insurance, the court was asked to instruct the jury, that in weighing the testimony it was their duty "to take into consideration that the plaintiff, La Pointe, and the mortgagee, Hartman, (a witness,) are both interested in the event of the suit, and that while said interest does not render them incompetent as witnesses, it goes to their credibility as such." The court refused to give the same: *Held*, that the instruction was properly refused, as giving undue importance to a fact tending to discredit plaintiff's witnesses, while ignoring corresponding causes alleged to affect the credibility of the defendant's witnesses.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

This was an action of assumpsit, by appellee, La Pointe, to recover upon a policy of insurance issued by appellant company, upon certain goods, chattels and fixtures of appellee, in a building in South Chicago. The policy was dated June 26, 1883, and insured the property in the sum of $1000, for one year. The loss by fire occurred March 17, 1884. A trial resulted in a verdict and judgment thereon for $1000. Upon appeal to the Appellate Court for the First District this judgment was affirmed, and appellant prosecutes this further appeal from that judgment of affirmance.

The policy contained, among others, the conditions, in substance, that if there was a mortgage or incumbrance on the property insured, it must be so represented to the company and mentioned in the policy, otherwise the policy should be void; that the best endeavors of the assured should be used in saving and protecting the property insured, from damage at or after a fire, and in case of failure to do so, the company should not be liable for damages accruing in consequence of such failure; and that the assured, in case of loss or damage by fire, should forthwith give notice of loss, in writing, to the company, and as soon as possible furnish proofs of loss, etc. The defendant below pleaded the general issue, with notice that it would rely upon a breach of the several conditions named, as defences.

Mr. ROBERT RAE, and Mr. JOHN S. MILLER, for the appellant:

The court erred in refusing appellant's fourth instruction, relating to the credibility of an interested witness. *Flaherty* v. *McCormick*, 7 Bradw. 411; *Ammerman* v. *Teeter*, 49 Ill. 402.

We will consider but one objection to a recovery, and think that will suffice. One of the conditions of the policy is as

25—118 ILL.

follows: "Persons sustaining loss or damage by fire shall forthwith give notice of loss, in writing, to the company, and as soon thereafter as possible render a particular account of such loss," etc. The fire in this case occurred March 17, 1884. La Pointe rendered his proofs of loss April 16,— thirty days after the fire.

It is well settled that compliance with this provision of the policy is a condition precedent to the right to recover. (Flanders on Fire Ins. 523.) And it seems to be equally well settled that the words, "as soon as possible," are equivalent to the words, "with due diligence." (*Scammon* v. *Insurance Co.* 101 Ill. 626; *Insurance Co.* v. *Gould*, 80 id. 388; *Insurance Co.* v. *McGinnis*, 87 id. 70.) And that where there is no dispute about the facts and circumstances bearing on the question of diligence, the question may be regarded as one of law, for the court. *Insurance Co.* v. *Gould, supra.*

Messrs. Abbott, Oliver & Showalter, for the appellee:

It is not error to refuse an instruction which singles out one fact in the case, so as to give it undue prominence before the jury. *Drohn* v. *Brewer*, 77 Ill. 284.

Where testimony is contradictory, an instruction is calculated to mislead, and is erroneous, which singles out the testimony on one side for careful examination of the jury, as if, in the judgment of the court, it was more to be suspected than that of the other side. *Devlin* v. *People*, 104 Ill. 508; *Wright* v. *Bell*, 5 Bradw. 355, *Pennsylvania Co.* v. *Stoelke*, 104 Ill. 205.

The proofs of loss, in view of the provisions of the policy, were rendered in apt time. The language of the policy is: "Persons sustaining loss or damage by fire shall forthwith give notice, in writing, of said loss, to the company, and as soon thereafter as possible render a particular account of such loss," etc. This court has held the words, "as soon as possible," to mean, "without unreasonable delay, or within

a reasonable time, under the circumstances," and that the jury ordinarily are to be the judges.   *Scammon* v. *Insurance Co.* 101 Ill. 626; *Insurance Co.* v. *Scammon,* 100 id. 648; *Insurance Co.* v. *Lewis,* 18 id. 553, May on Insurance, sec. 462.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

At the time of issuing the policy of insurance sued upon, there was a chattel mortgage upon the property insured, to secure $1000, previously given by appellee to Lewis Hartman, agent, and which remained a lien thereon at the time of the loss.  No mention is made of this mortgage in the policy, and it was insisted that the policy was therefore void.   To this it was replied, that before the acceptance of the premium by appellant company, or issuing the policy, the company had notice of the incumbrance.   There was sharp conflict in the evidence as to such notice, the witnesses for appellee testifying that at the time of the application for insurance by appellee, and the agreement to insure, appellee told the agent of appellant company of the mortgage, fully, and the agent replied it would make no difference in the company taking the risk.   The agents of the company deny this, and testify that the first knowledge they had of any incumbrance on the property was after the fire.   There is no contention that the company is not liable if its agent had such notice, and it will therefore be unnecessary to discuss that branch of the case.

It appears that appellant company requires its agents to make report to its home office of all matters material to the risk, upon which the company acts in determining upon its acceptance or rejection of the insurance.   At the trial below, as part of the *res gestæ,* as it is contended, appellant company offered in evidence a written report by the agents, of this risk, made to the company, in which it is represented that the property proposed to be insured was unincumbered,

which, on objection, was excluded by the court. This ruling is assigned for error. It is proved, and not denied, that the agreement to insure was made "about the last of May," and the report mentioned was mailed to the company on the 18th day of June, but it does not appear when it was in fact made out by the agent. It is not, however, pretended that it was made at the time of the agreement to insure, or in appellee's presence, or that he had any knowledge of it whatever. It is shown by the testimony of the agent, Smith, that he made the report, and that he at no time had any conversation with appellee in reference to the insurance, until the night of the fire. It is claimed by both Smith and Wilder, appellant's agents, that Wilder alone arranged with appellee for the insurance. Thus it will be seen, not only that this report was not made as part of the transaction with appellee relating to the insurance, but must have been made by Smith, from information derived from Wilder, or some other source. It was no part of the *res gestæ*, and was properly excluded.

The plaintiff was permitted, against the objection of defendant, to testify what property, other than that covered by the policy, was in his building, and destroyed. This is also assigned for error. There is no pretence that any such property was included by the jury in their assessment of damages. The evidence shows, without contradiction, that property covered by the policy, in excess of $1000, was consumed. If the evidence objected to tended to rebut the theory of defence, that the insured property was lost by reason of the failure of appellee to use his best endeavors to save the same, it was clearly admissible; but if it did not so tend, it was immaterial, and appellant was not prejudiced thereby.

The next point urged, that appellee did not give notice and make proof of loss as required by the terms and conditions of the policy, presents a question of fact, with which we can have no concern. The question was fairly submitted to the jury by the trial court.

It is next urged, the court erred in refusing appellant's fourth instruction, which is as follows:

"The court instructs the jury, that the plaintiff is bound to make out his case by a preponderance of proof, and that in weighing the testimony it is to take into consideration that the plaintiff, La Pointe, and the mortgagee, Hartman, are both interested in the event of the suit, and that while said interest does not render them incompetent as witnesses, it goes to their credibility as such.

An instruction covering the question of the burthen of proof was given.

It is always competent to show the interest of the witness, "as affecting his credibility," and such interest in the result of the litigation is a proper element for the consideration of the jury. The practice of singling out witnesses in an instruction of this character, where the credibility of others testifying in the case may also be affected by their interest, has frequently been criticised by the courts. In *Ammerman* v. *Teeter*, 49 Ill. 402, cited by counsel for appellant, in speaking of an instruction naming the witness, the court says: "We must presume that the judge trying the case would not give such an instruction unless the manner of the witness justified and called for it." There, the instruction related to the conduct of the witness in court, as well as to his interest. We are not called upon to determine whether the giving of this instruction would have been erroneous. It often happens that the giving of an instruction would not constitute reversible error, where the refusal of such instruction would not be improper. There is nothing apparent, here, calling for or justifying the court in departing from the correct practice.

The interest of the witnesses named in the instruction, it is conceded, was proper for the consideration of the jury; but if their testimony is believed, it might well be that the agents of the company would be responsible over to the company, and at least they would be greatly interested in maintaining

the correctness of their report to the company, upon the faith of which the company had acted in insuring appellee's property. The instruction under consideration, if given, would give undue prominence to facts alleged as operating to discredit appellee's witnesses, while it ignored corresponding causes alleged to affect the credibility of witnesses for appellant. When there is a conflict in the evidence, so that the issue must be determined from a consideration of the credibility of the witnesses, the instructions on that branch of the case should be so framed as to fairly present the rules of law applicable, and leave it to the jury to apply them impartially, under the evidence. We are of opinion the instruction was properly refused.

Again, it has been repeatedly held by this court, that to justify a reversal because of the refusal of the lower court to give an instruction, it must appear that if it had been given the result of the trial might have been materially affected thereby. We have, with this principle in view, carefully examined the evidence in this record, and are satisfied that substantial justice has been done. That the loss was an honest one, without the fault of appellee, is not seriously disputed, and we can not see how, upon any just consideration of the evidence, a different result could have been reached. The refusal of the instruction, for this reason, also, furnishes no ground for reversal. *Chicago and Western Indiana Railroad Co.* v. *Dooling,* 95 Ill. 202; *Hubner* v. *Feige,* 90 id. 208; *Chicago and Eastern Illinois Railroad Co.* v. *Rung,* 104 id. 641.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*