THE NORTH CHICAGO STREET RAILROAD COMPANY

*v.*

LEAH WELLNER.

*Opinion filed December 16, 1903.*

1. INSTRUCTIONS—*when instruction requiring jury to determine facts from the evidence is not misleading.* An instruction given by the court of its own motion in a personal injury case, stating that "it is the duty of the jury to find and determine the facts of this case from the evidence, and, having done so, then to apply to such facts the law stated in these instructions," is not misleading, as authorizing the jury to determine the facts without reference to rules stated in the instructions for their guidance in considering the evidence.

2. SAME—*when instruction does not authorize jury to disregard argument.* An instruction that "if, in putting in the evidence, or in argument, counsel for either party has made any statement not based upon the evidence, the jury should wholly disregard such statement," though not accurately worded, is not equivalent to telling the jury to disregard the arguments.

3. SAME—*when an erroneous instruction cannot be held to be harmful.* Even though an instruction may be justly subject to the objection that it authorizes the jury to disregard arguments of counsel, such error cannot be held to be harmful where the record does not show that appellant's counsel made any argument.

4. SAME—*instruction upon subject of credibility of a witness should be stated in general terms.* An instruction upon the subject of the credibility of witnesses should be framed in general terms, so that the jury may not infer that the court had any particular witness in mind in giving the instruction.

5. SAME—*when instruction does not give undue prominence to testimony of plaintiff's husband.* An instruction stating that a husband is a competent witness to testify in behalf of his wife in an action by her for personal injuries, and that if such testimony is fair, consistent and unimpeached the jury cannot disregard it upon the ground that the witness is the plaintiff's husband, does not give undue prominence to the husband's testimony.

6. SAME—*fact that court permitted husband to testify does not render useless an instruction as to his competency.* In view of the history of the law as to competency of husband and wife as witnesses for or against each other, the fact that the court permitted the plaintiff's husband to testify in a personal injury case does not render useless an instruction as to his competency and credibility.

7. SAME—*instruction may refer to "apparent intelligence or lack of intelligence" of witnesses.* An instruction is not erroneous which au-

thorizes the jury, in determining the credibility of witnesses, to consider, with other proper circumstances, "their apparent intelligence or lack of intelligence."

*North Chicago Street R. R. Co.* v. *Wellner*, 105 Ill. App. 652, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding.

JOHN A. ROSE, and LOUIS BOISOT, (W. W. GURLEY, of counsel,) for appellant.

E. B. ESHER, and WILLIAM RITCHIE, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The appellant is engaged in operating a street railway system in the city of Chicago.   On June 2, 1899, appellee, with her husband, was a passenger upon one of its cars.   She sustained a personal injury, for which this suit is brought, while endeavoring to alight from the car on that day at the corner of LaSalle and Monroe streets. She brought suit to the September term, 1899, of the superior court of Cook county.   The evidence on her part in reference to the manner in which the injury was received, being the testimony of herself, her husband and one other person, was to the effect that after the car stopped she attempted to get off, and that while she was getting off the car, but before she had had time to alight, the car started with a sudden jerk, which caused her to fall and occasioned the injury complained of.   The defendant introduced the testimony of a greater number of witnesses showing that the car stopped and then started ahead again without any jerk whatever, and that after the car had started the plaintiff and her husband arose from their seats and attempted to leave the car, and that the plaintiff fell to the ground in so doing.   There was verdict and judgment for $5000.   The railroad company appealed to the Appellate Court for the First District,

206—18

and from a judgment of affirmance there, prosecutes a further appeal to this court.

The only errors assigned to which our attention has been called question the action of the court in giving each of four instructions, numbered, respectively, 3, 5, 8 and 9, the first two of which were given by the court of its own motion and the last two of which were given at the request of appellee. Instruction numbered 3 is as follows:

"It is the duty of the jury to find and determine the facts of this case from the evidence, and, having done so, then to apply to such facts the law as stated in these instructions."

It is objected that this instruction is misleading; that it should have directed the jury to find and determine the facts from the evidence, and that in finding and determining the facts they should proceed as directed by the instructions. It is urged that under this instruction, as given, the jury would be impressed with the idea that they were independent of the court and its instructions in forming their conclusions of fact, and that they would not need to consider the instructions until after they had made their finding on the facts. An instruction containing the same direction to the jury was approved by this court in *North Chicago Street Railroad Co.* v. *Kaspers,* 186 Ill. 246. We do not think the instruction could be construed by the jury to mean that they should not consider those instructions stating the law in reference to the tests to be used in determining the credibility of witnesses and in reference to other matters which would assist them in determining where lies the preponderance of the evidence.

The instruction numbered 5 is as follows:

"If, in putting in the evidence, or in argument, counsel for either party has made any statement not based upon the evidence, the jury should wholly disregard such statement."

The. objection to this instruction is, that the word "statement," where it first appears therein, should be followed by the words "in reference to the facts in this case," or other words of similar import, and that the instruction as given virtually tells the jury to disregard the arguments of counsel.   The instruction would have stated the law with greater accuracy had it been modified as above indicated, but we do not think its effect could be as suggested by appellant.   The jury possessing the statutory qualifications would have. sufficient intelligence to understand that illustrations used by counsel in argument and his statements of his view of the law could not, in the nature of things, be based upon the evidence.   Appellant refers us, under this branch of his argument, to *Jansen* v. *Grimshaw*, 125 Ill. 468, which holds that counsel have the right to state to the jury the proposititions of law involved in the case upon which they rely.   It does not sustain the objections made to this ininstruction.   Further, it does not appear from this record that counsel for appellant made any argument to the jury, and unless that fact appeared we could not hold that the instruction was harmful, however erroneous it was in the respect complained of.

The instruction numbered 8 is as follows:

"The jury are instructed that under the law of this State a husband is a competent witness to testify in behalf of his wife in a suit brought by the latter for personal injuries alleged to have been sustained by the wife. You are instructed that if the testimony of the husband appears to be fair, is not unreasonable and is consistent with itself, and the witness has not been in any manner impeached, then you have no right to. disregard the testimony of such a witness merely from the fact that he is related by marriage to the plaintiff in the case."

This is said to be erroneous because it singles out a particular witness and tends to give emphasis to his testimony.   The practice of naming or otherwise identify-

ing a witness in an instruction of this character, when it can be avoided, is bad. (*Phenix Ins. Co.* v. *LaPointe*, 118 Ill. 384; *City of Sandwich* v. *Dolan*, 141 id. 430.) Instructions stating the law by which the jury is to be guided in determining the credibility of witnesses should be in the most general terms, so that the jury may not infer that the court had any particular witness in mind in giving the instruction. Where, however, it must be apparent to the jury that the law stated in the instruction could apply to but one witness in the case, no matter how general its statements were, as here no husband testified in behalf of his wife except Mr. Wellner, and no difference how the instruction was worded the jury would know that it applied to him alone, and where, under such circumstances, the witness is not named in the instruction, we think the fact that he or she is identified in the instruction does not constitute reversible error. Instructions subject to the same criticism that appellant makes of this one have been given from time immemorial in criminal cases, advising the jury in reference to the law to be applied by them in determining the weight to be given to the testimony of the defendant. It is also objected that the instruction should not have been given because it was useless, as the fact that the court permitted the husband to testify showed to the jury that he was competent. In view of the history of our law in reference to the competency of the husband to testify for the wife, known to some extent among all the people from whom the jury are drawn, we think an instruction on this subject proper.

The instruction numbered 9 was as follows:

"The court instructs the jury that the credibility of the witnesses is a question exclusively for the jury; and the law is, that where a number of witnesses testify directly opposite to each other, the jury are not bound to regard the weight of the evidence as evenly balanced merely because of numbers. The jury have a right to

determine, from the appearance of the witnesses on the stand, their manner of testifying, their apparent candor and fairness, their apparent intelligence or lack of intelligence, and from all the other surrounding circumstances appearing on the trial, which witnesses are the more worthy of credit and to give them credit accordingly."

The use of the words "their apparent intelligence or lack of intelligence," in this instruction, is said to be a statement from the court that an intelligent witness is more credible than an unintelligent one, and that for this reason the instruction states that which is not the law. We are referred to *Chicago West Division Railway Co.* v. *Bert,* 69 Ill. 388. The instruction which was held erroneous there advised the jury that a witness may be just as effectually impeached by "his want of intelligence" as by the direct testimony of other witnesses. That instruction was wrong, because, among other reasons, it is for the jury, and not for the court, to determine what sort of an impeachment is effectual or how effectual any particular impeachment is. While the jury has the right to take into consideration a witness' intelligence or lack of intelligence in determining the credit to be given his testimony, it is not upon the basis that an intelligent witness is more truthful than an unintelligent witness, but upon the theory that the witness of greater intelligence may observe more closely, remember more exactly and relate more accurately that which transpired in his presence than the witness of lesser intelligence. In the consideration of the instruction now before us we are referred to *Eastman* v. *West Chicago Street Railroad Co.* 79 Ill. App. 585, *Barron* v. *Burke,* 82 id. 116, *Hope* v. *West Chicago Street Railroad Co.* id. 311, *Chicago City Railway Co.* v. *Keenan,* 85 id. 367, and *Morton* v. *O'Connor,* id. 273. The instruction passed upon in each of those cases, as will be observed by an examination thereof, is plainly distinguishable from the one now before us. It is unnecessary to enter upon a detailed discussion of each of them.

In *City of LaSalle* v. *Kostka*, 190 Ill. 130, an instruction was approved which told the jury that in weighing the testimony of the witnesses they had a right to take into consideration the apparent intelligence or lack of intelligence of the witnesses, and an instruction of substantially the same import was approved in *Chicago and Alton Railroad Co.* v. *Winters*, 175 Ill. 293.

Finding no error in the action of the court in giving either of the four instructions to which objection is made, the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*