## THE CHICAGO UNION TRACTION COMPANY

### *v.*

## JAMES E. O'BRIEN, Jr.

*Opinion filed December 20, 1905—Rehearing denied Feb. 8, 1906.*

1. TRIAL—*counsel have a right, in argument, to attack the witnesses.*  In argument before the jury counsel have a right to draw any and all proper inferences arising from the evidence tending to show that the testimony of a witness is untrue, even though there has been no attempt to impeach the witness in any regular mode.

2. INSTRUCTIONS—*when instruction is erroneous as destroying effect of argument.*  An instruction holding that denunciation of witnesses by counsel should not influence the jury to disregard or disbelieve the testimony of any unimpeached witness is erroneous, as practically destroying the effect of argument on the credibility of witnesses or the weight to be given their testimony.

3. SAME—*instruction holding that the law presumes an unimpeached witness has testified truly is erroneous.*  There is no presumption of law that an unimpeached witness has testified truly, and an instruction so holding is erroneous as infringing upon the province of the jury, where the witnesses for one side contradict the witnesses for the other side and there is no attempt to impeach any witness.

4. SAME—*practice of injecting argument into instruction is not approved.*  The practice of injecting, as an argument, into an instruction a prefatory statement of law which, though not incorrect, does not relate to any fact in the case is not approved, the purpose of instructions being to state and explain the law applicable to the facts of the case.

5. SAME—*when instruction as to duties of carrier toward passengers for hire is not unwarranted.*  Giving an instruction relating to the duties of a carrier of passengers for hire is not unwarranted, even though the carrier disputes the relation, where the declaration alleges facts which, if proved, would show that plaintiff was a passenger, and where there is evidence tending to support the allegations of the declaration.

6. SAME—*question of credibility of witnesses is for the jury.*  Where witnesses contradict each other and the result of the case depends upon their credibility, it is for the jury to determine which they will believe, and it is not the right of the court to take that question from them by instructions.

7. CARRIERS—*relation of passenger and carrier is contractual but may be proved by circumstances.* The relation of passenger and carrier is contractual and does not arise from the mere fact that a person runs toward a moving car to get on board, but the relation may be proved by circumstances.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

JOHN A. ROSE, and ALBERT M. CROSS, (W. W. GURLEY, of counsel,) for appellant.

ALEXANDER SULLIVAN, (FRANK C. KRIETE, of counsel,) for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellee recovered a judgment for $10,000 in the circuit court of Cook county, against appellant, on account of injuries received in attempting to get on a street car on West Madison street. The Appellate Court for the First District affirmed the judgment.

It is assigned for error that the trial court erred in giving, at the instance and request of the plaintiff, the sixth, seventh, ninth and eleventh instructions.

The declaration as amended contained but one count, and the only ground of liability alleged was, that while the plaintiff was in the act of getting on the car for the purpose of being carried as a passenger, the defendant negligently, suddenly and violently started up the car with great speed and violently jerked the car and caused the same to be violently propelled, by means whereof plaintiff was thrown with great force off the car and upon the ground, and thereby he was greatly hurt, wounded and injured. The car in question was a grip-car drawing two regular passenger cars, and the plaintiff attempted to board the car while the train was in motion in the middle of a block, between street crossings.

The plea was the general issue, and the defense made was, that the cable train of which the grip-car was a part, was running along at half speed between regular stopping places at a place not designed for the reception of passengers, when plaintiff attempted to board the car; that the gripman was not advised beforehand that the plaintiff would seek to get on the car, and that the car was not suddenly started forward with a violent jerk, as alleged in the declaration.

The plaintiff, a school boy fourteen years old, had gone with over forty of his schoolmates to a photograph gallery on the north side of West Madison street, about the middle of the block between Carpenter and Curtis streets, to have a class picture taken. As the boys came out of the building into the street the cable train was approaching from the east, and a few of the boys went to the Carpenter street crossing, which was the next street east. The plaintiff and a few others approached the train nearly in front of the gallery. There was a loaded wagon on the track ahead of the train and the train was moving slowly. The evidence for defendant was that the train was running at about half speed on account of the obstruction ahead. The evidence for the plaintiff was that it was moving very slowly, and that plaintiff attempted to get on and caught hold of the upright bar at the rear end and put one foot on the running-board, and as he raised himself from the ground, fell and was dragged a short distance, breaking one leg and bruising the other. The gripman testified that the train was running at about half speed; that when he saw the boys running to the car he slackened speed still further for the purpose of avoiding an accident and to permit the boys to get on the car, and that just as he did so he got an emergency signal to stop and applied the rail brake and stopped the car. Two witnesses for the plaintiff who were on the grip-car testified that as the train approached the boys one of the witnesses spoke to the gripman to the effect that he had better be careful, and the gripman told him to go to hell and mind his own business. The grip-

219—20

man denied that the passenger said anything to him or that he made the reply which had been testified to, and a conductor of the defendant who was not employed on that train but who was riding on the grip-car testified that he did not hear anything of the kind; that nothing was said by the passenger to the gripman, and that nothing could have been said without his hearing it.

The principal controverted question of fact was whether the defendant was guilty of the negligence charged against it as a basis of the action, which was the alleged sudden and violent jerking of the car while plaintiff was attempting to board it. On that question the plaintiff, the two passengers already mentioned, three of plaintiff's companions who got on the train and three of the boys who did not become passengers, testified that as plaintiff was getting on the train the car gave a jerk, lurch or lunge forward, and one boy who testified for the plaintiff did not notice and could not tell whether the car went faster or not. On the part of the defendant, the gripman, the conductor before mentioned who was riding with him, the two conductors who were running the train, two passengers and two bystanders testified that there was no jerk, lurch or lunge and no increase in the speed of the train during the occurrence. Three bystanders testified that they observed the occurrence and accident and saw no forward jerk at the time. It will be seen, therefore, that the conclusion of the jury as to a vital question in the case depended upon the credibility of witnesses who contradicted each other as to the fact; and as to the gripman and conductor on one side and the two witnesses for the plaintiff on the other, there was a question of veracity concerning a matter about which neither could have been mistaken. None of the witnesses were impeached by any direct method prescribed by the law, such as an attack upon their reputation for truth and veracity, or otherwise.

The sixth instruction given at the instance of the plaintiff, which is complained of, is as follows:

"The court instructs the jury that the denunciation of witnesses by counsel, if any such was indulged in, should not influence the jury to disregard or disbelieve the testimony of any unimpeached witness. Witnesses, like all other citizens, are presumed by the law to be law-abiding citizens, and the law supplies a proper method of impeaching their evidence in cases where it can be impeached."

The instruction, in effect, advised the jury that there was a rule of law that they must not be influenced by the argument of counsel to disregard or disbelieve the testimony of any witness unless such witness had been impeached. The jury are to decide questions of fact, and the purpose of argument by counsel is to induce them to decide such questions in accordance with the claims and theories of counsel. Where witnesses contradict each other, the object of argument is to influence the jury to believe the testimony of one and to disregard or disbelieve the testimony of the other. To that end counsel have a right to present to the jury, in argument, the inconsistencies and contradictions of witnesses, to comment on their manner of testifying, their appearance upon the stand, the improbability of their statements, and anything else which will show that they are mistaken or unworthy of belief, and to denounce a witness as unreliable or untruthful when subjected to any of the tests for determining his credibility. It is the right of counsel to draw any and all proper inferences arising from the evidence in the case, tending to show that the testimony of witnesses is untrue. (*East St. Louis Connecting Railway Co.* v. *O'Hara,* 150 Ill. 580.) The instruction was erroneous in telling the jury that the credibility of a witness cannot be affected by the argument of counsel unless the witness is impeached, and in practically destroying the effect of argument on the credibility of witnesses or the weight to be given to their testimony.

But counsel for appellee say that the record does not show that there had been any argument, and for that reason

the instruction was not harmful. The case of *North Chicago Street Railroad Co.* v. *Wellner*, 206 Ill. 272, is cited to support that claim. In that case the instruction related to statements of counsel, not based upon the evidence, made either in putting in evidence in the case or in argument, and it would have had some relation to the case although there had been no argument. But in this case the first part of the instruction related to nothing else, and had neither place nor purpose in the case unless there had been argument to the jury. Counsel on each side asked, and the court gave, instructions relating to argument of counsel and which could apply to nothing else. But if we ought to or can presume that counsel on each side asked the court to give, and the court gave, purposeless and useless instructions concerning something which never happened, and that the only effect, so far as argument is concerned, was to misinform the jury as to the law applicable to a case where there is argument, the objections to the instruction are not thereby removed.

The part of the instruction which states that witnesses, like all other citizens, are presumed by the law to be law-abiding citizens and the law supplies a proper method of impeaching their evidence in cases where it can be impeached, is equally vicious with the other part. The question of the credibility of witnesses is exclusively within the province of the jury, and it is not the right of the court to take that question from them. Whether a witness has been impeached is a question of fact and not of law, and when not impeached it is for the jury to determine whether he shall be believed and to what extent. The court may give to the jury general rules for their guidance, but where witnesses contradict each other as to matters of fact and there is no impeachment of any witness, as was the case here, the law indulges no presumption that they are all telling the truth. When a witness testifies in a case, the inherent improbability of his statements may induce the jury to disbelieve him although he is not contradicted. How much weight is to be given to his

testimony depends largely upon his appearance, his manner of testifying, and all the other evidence and circumstances from which the jury may credit or discredit him.   Where witnesses contradict each other and the result of the case depends upon their credibility, it is for the jury to determine which one they will believe.   (*Stampofski* v. *Steffens*, 79 Ill. 303.)   The law has no rule which the court may lay down in instructions to the jury that there is a presumption that an unimpeached witness has testified truly, and such instructions infringe upon the province of the jury to determine the credibility of the witnesses and the weight and value of their testimony.   *Hauser* v. *People,* 210 Ill. 253; 30 Am. & Eng. Ency. of Law, (2d ed.) 1068; 11 Ency. of Pl. & Pr. 312.

The seventh instruction was based on the hypothesis that the plaintiff was a passenger, and it began with this statement:   "The court instructs the jury that the fact that the law does not make a common carrier an insurer of the safety of its passengers does not, even to the slightest extent, relieve such common carrier of its legal duty to exercise the highest degree of care for the safety of its passengers consistent with the practical operation of its vehicle."   The purpose of instructions is to state and explain the law applicable to the case, and the practice of injecting an argument in an instruction is not approved.   (*Ludwig* v. *Sager,* 84 Ill. 99.)   There was no question in the case to which this prefatory statement was in any way related, and while the statement of law was not incorrect it should have been omitted.   The remainder of the instruction and the ninth instruction were on the same question of the duties of a common carrier of passengers for hire, and they are objected to on the grounds that the evidence did not tend to prove that the plaintiff was a passenger and that the declaration did not so aver.   We are of the opinion that the instruction is not subject to either objection.   Facts were stated in the declaration which, if proved, showed that he was a passenger.   It

alleged that he was rightfully and with due care and diligence in the act of getting upon and alighting upon said car, which was then and there receiving and discharging passengers of the defendant, for the purpose of being carried as a passenger thereon for reward. The evidence was that the car was in motion and not at a stopping place for passengers, but there was evidence tending to show that the car was slowed down for the purpose of permitting plaintiff and his companions to take passage thereon. That evidence was contradicted, but the decision of the question was for the jury. The relation of passenger and carrier is contractual, and does not arise out of the fact that a person runs toward a moving car to get on board, but the relation may be proved by circumstances, and we do not regard it as error to give the instructions to the jury in this case.

For the error in giving the sixth instruction the judgments of the Appellate Court and circuit court are reversed and the cause is remanded to the circuit court.

*Reversed and remanded.*