James H. Eckels et al., Receivers, v. Sophie Halsten.

### Gen. No. 13,357.

1. VERDICT—*when not excessive.* A verdict for $3,500 rendered in an action for personal injuries is not excessive where it appears that the plaintiff at the time of the injury was about twenty-two years of age, of previous general good health, capable of working and earning a living, and that as a result of the injury she became unable to perform any continuous work.

2. HYPOTHETICAL QUESTION—*upon what may be predicated.* A hypothetical question may be predicated upon testimony adduced and upon testimony which counsel assures the court will be adduced.

3. REMARKS OF TRIAL JUDGE—*when will not reverse.* Remarks of a trial judge made by him in his rulings upon the evidence will not reverse unless it appears that they were likely to mislead or improperly influence.

Action in case for personal injuries. Appeal from the Superior Court of Cook County; the Hon. ALBERT C. BARNES, Judge, presiding. Heard in this court at the October term, 1906. Affirmed. Opinion filed October 3, 1907.

JOHN A. ROSE AND ALBERT M. CROSS, for appellants. W. W. GURLEY, of counsel.

MOSES, ROSENTHAL & KENNEDY, for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

This is an appeal from a judgment recovered by appellee against appellants for the sum of $3,500. Appellee was riding as a passenger in a car of the Union Traction Company, running west on North avenue, an east and west street, between 8 and 9 o'clock, in the evening of May 24, 1904, and the car in which she was riding collided with another car of said company, which was running south, at the intersection of North avenue and Wells street, the latter being a north and south street. The North avenue car was operated by electricity and the Wells street car by cable. The electric or trolly car was an open one, having a row of seats on each side, with an aisle lengthwise the car between the two rows of seats, and appellee was seated in the front seat on the south side of the car. The force of the collision was such that she was thrown from her seat to the ground, as was also a young lady companion of appellee, who, at the time of the collision, was sitting in the front seat on the north side of the car. Appellee claims, and the evidence tends to prove, that she was seriously injured by reason of the collision.

On the former trial of the cause the jury rendered a verdict in favor of appellee for the sum of $8,000, which the court, on motion for a new trial, set aside. On what ground the court granted a new trial does not appear from the record, but counsel for appellee state in their argument that the motion was granted on account of the admission in evidence of an answer to a hypothetical question. We do not understand counsel for appellants to contend that appellants are not liable. In their argument, p. 1, they say: "There is no dispute that plaintiff was a passenger upon a west-bound electric car on North avenue, which collided with the rear end of a trailer on a cable train running south on Wells street, between 8:30 and 9 o'clock p. m. on May 29, 1904;" and they further say, p. 10: "While the liability issue is not here involved, a brief sketch of the evidence as to the way the accident happened is pertinent," etc.

It appears from the elaborate argument of appellants'

counsel and from the evidence that their real contention is that the most serious ills of which appellee complains did not result from the accident, and therefore the damages are excessive. This they argue directly, and certain objections made to rulings of the court on evidence and instructions, and alleged erroneous remarks of the court, are evidently but subsidiary to and in aid of the main contention that the damages are excessive.

Appellee was about twenty-two years of age at the time of the accident, and evidence produced on her behalf tended to prove that prior to the accident her general health was good, and that she was capable of working and earning a living, and that she did work in various capacities, and that since the accident she had been unable to do any continuous work. On the other hand the testimony of numerous expert witnesses called by appellants tends to prove that some of the more serious ills of which she complains were not caused or aggravated by the accident. We think that, in this conflicting state of evidence, it was for the jury to decide, and we would not feel warranted in holding that the damages are excessive. Indeed we think that counsel for appellants, in procuring a reduction of damages from $8,000, assessed by the jury in the first trial, to $3,500, may well congratulate themselves on having made a comparatively successful defense. In the examination of Dr. Moyer, called by appellee, he testified, in substance, that assuming that appellee had been in good health for four years prior to the accident, he was of opinion that the injuries of which she complained might have been caused by the accident. On cross-examination the witness was asked a hypothetical question, in which it was assumed that for four or five years prior to the collision the appellee had had serious attacks of illness, whether that would change his answer to the hypothetical question put by appellee's counsel, when the following occurred:

The Court: "You cannot predicate your question on what you are going to put in. In a hypothetical question, you can base your question on something that has been introduced."

8

Counsel: "Not anything else?"

The Court: "No."

Thereupon the court, without objection by appellee's counsel, ruled against the question. This was error. Prior proof of all the facts assumed in the hypothetical question was not essential to the validity of the question. West C. St. Ry. Co. v. Fishman, 169 Ill., 196, 200; I Wigmore on Ev., section 684. The error, however, was not prejudicial, because in answer to subsequent similar questions the witness said his opinion, in answer to the hypothetical question of appellee's counsel, would be completely changed, and he took pains to state that, in answering appellee's question, he assumed her good health prior to the accident.

Objections to remarks of the court, too numerous to be specifically referred to without unduly extending this opinion, are made by appellant's counsel. While it would have been safer and better had the presiding judge confined himself to rulings on objections, or at least have refrained from extended comments on the objections, we are not prepared to reverse the judgment because of the judge's remarks. We do not think they were such as to mislead or improperly influence the jury, in considering of their verdict, to the prejudice of appellants.

Appellee's first, second, third and fourth instructions are objected to by appellants' counsel. An instruction substantially the same as the first, but different in phraseology, is approved in N. C. St. Ry. Co. v. Wellner, 206 Ill., 272, 276. See, also, W. C. St. Rd. Co v. Lieserowitz, 197 *ib.*, 607, 614.

Two objections are made to the second instruction: First, that by it the jury were instructed "that the plaintiff was not chargeable with the highest degree of care and caution for her own safety, as would have been exercised by a reasonably prudent and cautious person under like circumstances shown by the evidence;" and, secondly, that there is no count in the declaration on which to base a part of the instruction. The instruction as given is incorrectly set forth in the original record and in the abstract, but is correctly copied in a supplemental record filed by leave of court. The first

objection of appellants counsel to the instruction is based on the instruction as it appears in the original record, and has no application to the correct copy in the supplemental record. The evidence tends to prove that immediately before the collision it was imminent that it would occur, and the instruction relates to the measure of duty required of one thus placed in imminent danger, and it was not necessary to the instruction that it should have been averred in the declaration, as appellants' counsel contend, that appellee, by reason of appellants' negligence, was placed in imminent danger.

We find no substantial or reversible error in either the third or fourth instruction. Instructions, as has been frequently held by the Supreme Court, are to be read and considered as a series, as one continuous charge. So reading and considering the given instructions, we think the jury was instructed substantially correctly. The court gave fifteen instructions at the request of appellants' counsel, which state the law as favorably for appellants as they can reasonably claim.

The judgment will be affirmed.

*Affirmed.*