Verboomen v. Chicago City Railway Company, 178 Ill. App. 606.

## Gustave Verboomen, minor, by Leone Van Mortel, his next friend, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 17,388.

1. Carriers—*when verdict not against weight of evidence.* In an action against a street railway company for injuries caused by the alleged negligence of the company in starting a car while plaintiff, a boy fourteen years of age, was boarding it, *held,* that a verdict for plaintiff was not against the manifest weight of the evidence.

2. Appeals and errors—*duty of appellate court in weighing evidence.* It is the duty of the appellate court in weighing the evidence to consider the probability of the testimony of the various witnesses.

3. Appeals and errors—*effect of failure to instruct where complaining party made no request therefor.* In an action against a street railway company for injuries received by plaintiff when boarding a car, failure to inform the jury as a question of law what facts will create the contract relation of carrier and passenger does not require reversal of a judgment for plaintiff where no instruction on that subject was requested by defendant.

Appeal from the Circuit Court of Cook county; the Hon. Thomas G. Windes, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed April 9, 1913. Rehearing denied April 24, 1913.

John E. Kehoe and Watson J. Ferry, for appellant; Leonard A. Busby, of counsel.

John R. Harrington and Guerin, Gallagher & Barrett, for appellee.

Mr. Justice Baume delivered the opinion of the court.

This is a suit by Gustave Verboomen, a minor, by his next friend, against the Chicago City Railway Company to recover damages for personal injuries. Upon the verdict of a jury the Circuit Court entered judgment against the defendant for $3,000, and this appeal followed.

The case was submitted to the jury upon the second and fifth original counts, and the first, third and fourth amended counts of the declaration. The first amended count alleges the possession of and operation by the defendant on May 13, 1909, of a line of street cars for the conveyance of passengers on 31st street in the City of Chicago; that on said date at and near the point where Vernon avenue meets said 31st street on the south side thereof plaintiff awaited the coming of the west-bound car which was then approaching said intersection for the purpose of boarding said car; that while in the exercise of due care for his own safety he sought to become a passenger on said car and that in pursuance of his purpose to board said car, he attempted to step upon the foot board of said car; that defendant knew or should have known in the exercise of due care that he was attempting to board said car; that while he was attempting to board said car, but before he could get safely upon or into the same defendant negligently started said car with a sudden and violent motion, whereby he was thrown upon the ground and upon the track of the defendant and his foot was run over, mangled and crushed, so that it became necessary to amputate it, etc. The second count charges that defendant so negligently managed and operated said car at or near said intersection that the plaintiff who was then a passenger of said defendant and using due care for his own safety was thrown, etc. The third amended count charges a duty on the part of defendant in the operation and management of said car to stop the same a reasonable length of time to give the plaintiff an opportunity of getting safely upon said car and reaching a place of safety thereon, and alleged that defendant failed to perform such duty, but negligently, suddenly moved and jerked said car while the plaintiff, as defendant well knew or should have known, was attempting to board said car and while he was stepping on the platform of said car, etc. The fourth amended count charges a duty upon

the part of defendant to use great care and caution in the operation and management of its street cars so that the plaintiff and others who might have occasion to be received as passengers thereon might not be injured, and to stop said car at said street crossing and to cause the same to remain standing a reasonable length of time to give the plaintiff an opportunity of getting safely aboard and of reaching a place of safety on said car and not to start or move said car nor accelerate its speed while plaintiff was attempting to board the same, and alleges a failure by defendant to perform such duty, and that it negligently failed to bring said car to a stop, but slackened up to a slow rate of speed on said 31st street near Vernon avenue, and while the plaintiff was getting on said car, as the defendant well knew or should have known, and while plaintiff was using due care the defendant suddenly and without warning negligently moved said car at a high rate of speed and accelerated the speed of said car while plaintiff was attempting to board the same, etc. The fifth original count alleges that plaintiff then and there awaited the approach of said car on 31st street at or near its intersection with Vernon avenue; that said car came to said intersection and that plaintiff in the exercise of due care attempted to board said car and became a passenger thereon; that defendant well knew or could have known that plaintiff was about to board said car and that while plaintiff was so attempting to board said car defendant negligently caused said car to be suddenly and violently jerked and moved forward, etc.

It is insisted that the verdict is not justified by the evidence; that the verdict is against the manifest weight of the evidence; and that certain instructions given at the instance of the plaintiff are erroneous.

On the morning of May 13, 1909, the plaintiff and two other persons who purposed being carried on one of the defendant's west-bound street cars, then being operated on 31st street, were standing on the north-

CHICAGO—FIRST DISTRICT—APRIL, 1913.    609

Verboomen v. Chicago City Railway Company, 178 Ill. App. 606.

west corner of 31st street and Vernon avenue at or
near the place where passengers customarily boarded
the rear platform of defendnat's west-bound cars when
said cars came to a stop at or immediately west of the
west crossing at the intersection of said streets.   As
the car in question approached said crossing, it slowed
down for the purpose of coming to a stop and receiv-
ing the persons waiting there as passengers.   The
plaintiff was then about 14 years of age and was car-
rying in his left hand, or by the fingers on his left
hand, a small package wrapped with twine containing
his lunch.   The evidence bearing upon the conduct of
the plaintiff, the manner in which the car was managed
and operated, and the manner in which the plaintiff
sustained the injury complained of, while conflicting
in some essential, as well as non-essential, particulars,
is sufficient to justify a recovery under one or more
counts of the declaration, and the verdict is not against
the manifest weight of such evidence.

The evidence for the plaintiff tends to show that,
as the car approached the crossing from the east, the
plaintiff was standing two or three feet east of the
witness, Marguerite Bowen; that before the front end
of the car reached said crossing the plaintiff walked
or ran westward by Miss Bowen for the purpose of
boarding the car at the front platform, and that when
the car, running slowly and apparently about to stop
at the customary stopping place, had reached a point
15 or 20 feet west of said crossing, and approximately
the same distance east of the place where cars cus-
tomarily stopped, the plaintiff grasped the front hand
rail of the car with his right hand and stepped upon
the step of the front platform for the purpose of en-
tering the car, and that, as and when he did so, the car
moved rapidly forward with a sudden and violent jerk;
that plaintiff was thereby thrown to the ground and
injured, as alleged in the declaration; that when the
car was brought to a stop the plaintiff was lying
where he had fallen, a short distance west of the cross-

610    Appellate Courts of Illinois.

Verboomen v. Chicago City Railway Company, 178 Ill. App. 606.

ing and in the rear of the car, which had passed over his foot.

There is some evidence tending to show that the plaintiff signalled the motorman to stop the car, but whether he did so or not is without significance, in view of the undisputed fact that the motorman saw the persons, including the plaintiff, waiting at the crossing for the apparent purpose of boarding the car, and that he reduced the speed of the car, with the intention and for the purpose of stopping at the crossing and receiving said persons as passengers thereon.

It is conceded that "ordinarily an attempt to board or alight from a moving car is not of itself negligence." Whether or not, in this case, the plaintiff was negligent was properly submitted to the jury, and upon the evidence, as it appears in the record, we are constrained to hold that the finding of the jury upon that issue was not unwarranted.

We are not unmindful of our duty in weighing the evidence to consider the probability or improbability of the testimony of the various witnesses, and our conclusion that the verdict is not against the manifest weight of the evidence is predicted upon a painstaking attempt to justly discharge our duty in that regard.

The instructions complained of are based upon evidence adduced at the trial, and are in accord with the principles announced in the somewhat similar case, upon the facts, of Chicago Union Traction Co. v. O'Brien, 219 Ill. 303.

That the court failed to inform the jury as a question of law what facts will create the contract relation of carrier and passenger does not require a reversal of the judgment, in view of the fact that defendant requested no instruction upon that question.

There is no error in the record and the judgment is affirmed.

*Judgment affirmed.*